**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**          **CASE NO: 8:25-cr-425-MSS-LSG**

**v.**

**MIKE ENRIQUE HAYLOCK GUILLEN**
      **Defendant,**

_____/

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

**COMES NOW**, the Defendant, **MIKE ENRIQUE HAYLOCK GUILLEN**, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3553, and makes this his Sentencing Memorandum, and respectfully states as follows:

**A. <u>Mitigation and Downward Adjustment/Variance Bases</u>**

The defendant respectfully requests that this Honorable Court impose a sentence of **48 months**. Sentences should be imposed that "are not greater than necessary" to comply with the need for the sentence imposed (18 USC § 3553(a) and (a)(2)). The Courts, when determining a sentence to be imposed, ought to consider the seven factors and/or policy statements outlined in 18 USC § 3553(a) (1)-(7):

1

**(a) Factors To Be Considered in Imposing a Sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

**(1)** The nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** The need for the sentence imposed—

  **(A)**to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  **(B)** to afford adequate deterrence to criminal conduct;

  **(C)** to protect the public from further crimes of the defendant; and

  **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** The kinds of sentences available;

**(4)** The kinds of sentence and the sentencing range established for—

  **(A)** The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

    **(i)**issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    **(ii)** That, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

  **(B)** In the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** Any pertinent policy statement—

  **(A)**  Issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress

(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** That, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense

## B. **Reasons to Vary Downward/Variance**

### I.    *Personal Mitigation Factors, 18 USC § 3553*

This memorandum outlines that the Defendant has several personal mitigating factors that warrant a downward departure:

Mike Enrique Haylock Guillen was born on January 23, 1995, in a very poor area of Honduras. His parents, Hector Haylock and Lorena Guillen, never married and his father had addictions to crack and alcohol. He was raised by his paternal grandparents, Geraldine Walter and Eduardo Haylock as his mother was unable to further financially support him and she had to go to the Cayman Islands for work. Mr. Haylock Guillen describes his formative years growing up as "terrible." His grandmother, Geraldine Walter was also a crack addict, but his grandfather Eduardo Haylock was a hard working as a lobster fisherman. Unfortunately, at age 10 his grandparents divorced, so he was forced to move in with his paternal grandparents, Angelina and Vincent Watler. He lived with them for about 2 years

3

and then moved in with his uncle, Eduardo Haylock for about 3 years.  He never had a stable and normal home.

Mr. Haylock Guillen married in 2016 and three years later he was divorced. He blames his up brining for the divorce as the dysfunctional households he lived in molded his idea of a family.  Since 2024, Mr. Haylock Guillen has been in a relationship with Lucy Bodden.  Although they do not have any children, Mr. Haylock Guillen has helped care and support his wife's 3-year-old son.  His country is very dangerous and in fact he was stabbed twice in 2018 with a knife.

Mr. Haylock Guillen first started drinking alcohol at age 13.  At age 17 he smoked marijuana but did not really like it so he did not smoke often.  He first started using cocaine at age 16, with his use being every couple of weeks until he was arrested.

Mr. Haylock Guillen's upbringing, marked by poverty, drug usage by those he should have been able to look up to, and instability, weighs heavily in mitigation and supports a sentence that reflects compassion, proportionality, and individualized consideration.

As a result of the above, Mr. Haylock Guillen is asking that this Court impose a sentence of **48 months**.

   II.     *Personal Cost to Defendant and his Family; Cost to Society of Lengthy Incarceration (Sufficient but not greater than necessary)*

Defendants ought to be sentenced to enough incarceration to satisfy "sufficient[ly]" the goals of punishment in sentencing factors and commission

policy, while avoiding any "greater than necessary" expense and punishing sentence. A sentence which exceeds one that is sufficient, will be "unreasonable" and "unfair". *U.S. v. Fernandez*, 436 F.Supp. 2d 983 (E.D. Wis. 2006) (According to the Federal Defender, infra, the Court in *U.S. v. Fernandez*, 436 F.Supp. 2d 983 (E.D. Wis. 2006) imposed a 126 months sentence because the career offender guideline range of 188 - 235 months, was greater than necessary to satisfy sentencing purposes, in part due to Sentencing Commission study on unfairness of career offender designation, Federal Defender, at p.17 – 847. Defending a Federal Criminal Case, 2010 Edition, Vol. II, Federal Defenders of San Diego, Inc. ("Federal Defender")).

Mr. Haylock Guillen does not own a home; he was living in his wife's home that was left to her in Honduras after her father passed away.   Given Mr. Haylock Guillen's limited assets, financial obligations to his family, and the likelihood of deportation following the completion of his sentence, Mr. Haylock Guillen does not have the ability to pay a fine within the guideline range.

As a result of the above, Mr. Haylock Guillen is asking that this Court impose a sentence of 48 months.

## III.   *Additional Relevant Factors for Sentencing Considerations*

Mr. Haylock Guillen suffered a lumbar spinal injury in 2019 while playing soccer in Honduras and after extensive therapy, it was recommended that he undergo surgery.  His pain remains today and the Pinellas County Jail has failed to

5

adequately treat his condition.  In addition, his grandfather, Eduardo Haylock, who is lobster fisherman, has suffered for many years with an injury to his lower back that also requires surgery.  This was the motivating factor for his drug trip, to earn the money for his grandfather's surgery as well as his own back surgery.   Finally, Mr. Haylock Guillen is subject to removal from the United States upon completion of his sentence.  This collateral consequence constitutes a significant and automatic sanction that meaningfully advances the goals of deterrence and protection of the public without the need for an extended term of incarceration.

Because Mr. Haylock Guillen will be removed from the United States following service of his sentence, prolonged incarceration would not meaningfully further rehabilitation or public safety objectives and would instead impose punishment greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). The certainty of deportation substantially mitigates any risk of future criminal conduct within the United States and weighs in favor of a sentence at the low end of the advisory guideline range.

The Probation Office has identified the following factors for the Court's consideration in determining whether Mr. Haylock Guillen's sentence below the advisory guideline range is warranted:

a)  The nature and characteristics of the Defendant; and

b)  The nature and characteristics of the Defendant, specifically, the Defendant's impoverished childhood and adulthood, parental

abandonment, witnessing parental substance abuse, lack of education and the use of illicit substances which led to his negative decision making.

Taken together, these factors support a sentence that reflects the seriousness of the offense while avoiding unwarranted sentencing disparities and unnecessary incarceration.   A sentence at the low end of the guideline range, or a modest downward variance, would therefore be sufficient but not greater than necessary to achieve the objectives of sentencing.

As a result of the above, Mr. Haylock Guillen is asking that this Court impose a sentence of 48 months.

**WHEREFORE**, Defendant **MIKE ENRIQUE HAYLOCK GUILLEN,** respectfully requests that this Honorable Court grant him the variance he requests in this Sentencing Memorandum as described in detail above.

Respectfully Submitted,

*/s/ Jerry Theophilopoulos, Esq.*
Gerasimos 'Jerry' Theophilopoulos
**Theophilopoulos Law, P.A.**
649 E. Tarpon Ave.
Tarpon Springs, FL 34689
727-945-1112
Fx. 727-945-9224
FBN: 0068380
Jerry@ theolaw.com
Attorney for the Defendant

7